LIBBY, McNEILL & LIBBY and Libby, McNeill & Libby West Indies Company, Libelants,

v.

THE FAIRPORT, her engines, boilers, etc., and Waterman Steamship Corporation, Respondents.

United States District Court
S. D. New York.

Aug. 5, 1955.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelants.

Kirlin, Campbell & Keating, New York City, for respondents.

DIMOCK, District Judge.

Libelants except to respondents' interrogatories filed April 28, 1955. The exceptions are not directed to specific interrogatories and upon oral argument of the motion it was made clear by libelants that their theory was that the interrogatories should be stricken in toto because they are unnecessary and are designed merely to harass libelants.

The claim is based on damages to, and loss of, goods shipped on respondents' vessel. Respondents allege without contradiction that libelants are seeking to prove that certain damage was due to sweating, resulting, among other things, in rust and corrosion during the voyage, due to respondents' fault. The interrogatories go, very minutely it must be admitted, into the manner and condition of the packaging of the goods.

I cannot agree with libelants' position. Considering the interrogatories in toto I find that they are designed to elicit information which will be relevant to respondents' defense. It is true, as libelants argue, that the interrogatories are lengthy and seek detailed information. These facts, however, do not in themselves establish the validity of libelants' position. See Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., D.C.S.D.N.Y., 12 F.R.D. 531.

It should also be mentioned that proctor for respondents swears that the interrogatories were "not put forward to burden or harass libelants but to obtain information which [he] consider[s] material to the case."

The motion is denied without prejudice to a motion by libelants directed to specific interrogatories.